FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 FEB 27 A 10: 07
CLERK'S OFFICE
AT GREENBELT
BY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALFRED BONAPARTE**, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 17-3437** |
| **DALE TROUTMAN**, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Alfred Bonaparte is serving a life sentence at the North Branch Correctional Institution. This case concerns Bonaparte's allegation that correctional officer Defendant Dale Troutman sexually assaulted him on May 24, 2017 by inserting his finger into Bonaparte's rectum.

Based upon his actions and communications while incarcerated, prison officials have identified Bonaparte as a threat to prison security and housed him in Maximum Security. *See* ECF No. 12-3 ("IID Report"), Ex. 5. As such, during his scheduled outdoor time, Bonaparte is placed within a caged cell in the Segregation Outside Recreation Area. *See id.*, Ex. 8.

On May 24, 2017, Bonaparte was within the Segregation Outside Recreation Area with his cellmate David Johnson. Bonaparte alleges that after he was cuffed in preparation to return to his cell, Officer Troutman rubbed his butt. Then, over Bonaparte's objection, Troutman purportedly placed his hand inside of Bonaparte's pants and inserted his finger inside Bonaparte's rectum. Bonaparte then purportedly yelled "you wild bitch" and requested that a supervisory correctional

1

officer come see him. No supervisor ever came, and Bonaparte filed an incident report. *See* ECF Nos. 1 and 3; *see also* ECF No. 12-3.

It was not until May 30, 3017 that a prison case worker discussed the incident with Bonaparte. A medical appointment was scheduled for the next day, May 31, 2017. Following examination by the Office of Inmate Health Services, Bonaparte was transferred to the Western Maryland Regional Medical Center for a forensic examination of his rectum. Medical notes from that evaluation indicate "no signs of trauma." ECF No. 12-3, Ex. 7. Officer Troutman denies the incident occurred at all, and in fact, notes that he was not assigned to Bonaparte's housing unit the day of the alleged incident. The prison's Intelligence & Investigative Division ("IID") conducted a detailed investigation into Bonaparte's allegation consisting of six interviews and a review of numerous documents and concluded that the allegation was "unsubstantiated." ECF No. 12-3.

On November 17, 2017, Bonaparte filed the instant suit with this Court. ECF No. 1. He then filed an Amended Complaint on January 2, 2018 clarifying the identity of the alleged perpetrator as Dale Troutman and reasserting that the incident occurred on May 24, 2017. ECF No. 3. Although he does not identify it as such, it appears that Bonaparte's claim is filed pursuant to 42 U.S.C. § 1983 and arises under the Eighth Amendment's prohibition of "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

On March 4, 2019, Defendant Dale Troutman, represented by the Maryland Office of the Attorney General, filed a Motion to Dismiss and in the Alternative a Motion for Summary Judgment. ECF No. 12. Bonaparte did not file a response in opposition to the Motion and the time for doing so has passed. *See* ECF No. 13. No hearing is necessary. *See* Loc. R. 105.6.

# I.

"When matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(b)). Here, Troutman has filed verified documents, including an IID Report, with its Motion. Thus, because the Court will consider matters outside of the pleading, Troutman's Motion will be construed as a Motion for Summary Judgment.

Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

A "material fact" is one that might affect the outcome of a party's case. *Id.* at 248; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Smith v. Ozmint*, 578 F.3d 246, 254 (4th Cir. 2009) (*quoting Scott v. Harris*, 550 U.S. 372, 280 (2007)).

## II.

Given these standards, it is clear that there is no genuine dispute of material fact.

Bonaparte relies on his own statements and the partially corroborating statements of two fellow inmates, David Johnson and Maurice West. *See* ECF No. 12-3. However, neither inmate reports seeing a correctional officer reach *inside* of Bonaparte's pants. *Id.* There is no video surveillance that could have captured the incident, *id.*, and Bonaparte has offered no other evidence to support his narrative.

Beyond denying that the incident occurred, *see id.*, Officer Troutman informed the IID investigator that he is not typically assigned to Bonaparte's housing unit, Unit 1. *Id.* After conferring his date book, he told the investigator that he was assigned to Unit 3 on May 24, 2017. *Id.* Moreover, prison records confirm that Officer Troutman was in fact assigned to Unit 3 that day. *See id.*, Ex. 10.

On May 31, 2020, Bonaparte was evaluated by Inmate Health Services. *See id.*, Ex. 7. Although Bonaparte complained that his anus was "scratched," he denied having any bloody stools or observing any blood on toilet paper. *Id.* Nonetheless, the prison transported him to Western Maryland Regional Medical Center where an outside medical professional conducted a forensic examination of Bonaparte's rectum to look for "any abrasions or lacerations" of the anus. *Id.*, Ex. 12. The forensic nurse found "no signs of trauma."[1] *Id.*

---

[1] While the lack of medical evidence on its own may not necessarily be dispositive, Courts within this District have taken such information into account in ruling on motions for summary judgment. *See, e.g., Ames v. Mallow*, 2017 WL 839524 *8 (D. Md. Mar. 3, 2017); *Lynch v. Kenion*, 2014 WL 4406672 *6 (D. Md. Sept. 5, 2014).

4

The Court finds that no reasonable jury could give credence to Bonaparte's story given that the only available documentary evidence directly contradicts the very core of his allegation. For the reasons stated, Officer Troutman's Motion for Summary Judgment is **GRANTED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 26, 2020**